

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 26, 1975

The Honorable Charles R. Barden, P. E.
Executive Director
Texas Air Control Board                   Opinion No. H-635
8520 Shoal Creek Boulevard
Austin, Texas 78758                        Re: Right of investigators
                                               of the Texas Air Control
                                               Board to photograph
Dear Mr. Barden:                               equipment.

You have requested our opinion concerning whether the Texas Air
Control Board has authority to photograph specific pieces of equipment
used in a production or air contaminant abatement process. You also
ask whether such photographs would be considered confidential under
section 1.07 of article 4477-5, V. T. C.S., the Texas Clean Air Act.

Section 3.04 of article 4477-5 provides:

> The board shall conduct, or have conducted, any
> research and investigations it considers advisable
> and necessary for the discharge of its duties under
> this Act.

The use of photographic equipment is a common method of performing
an investigation. In the area of air pollution control we believe the use of
photographs to be a particularly useful means of documenting evidence
gathered in a research or investigatory operation. In our opinion the
Legislature intended to authorize the Air Control Board to utilize any reason-
able means of conducting investigations. Accordingly, the Texas Air Control
Board may take photographs of specific equipment as an incident of an investi-
gation which the Board reasonably considers necessary and advisable for
the discharge of its duties.

Section 1.07 of the Clean Air Act provides:

> Information submitted to the board relating to secret
> processes or methods of manufacture or production
> which is identified as confidential when submitted
> shall not be disclosed by any member, employee, or
> agent of the board.

While these photographs may be excepted from disclosure under the Open Records Act, V.T.C.S., art. 6252-17a, in our view, section 1.07 is of little application to these photographs for in our understanding they are not "submitted to the board," within the meaning of that section. However, if such photographs are so submitted and otherwise are within the protection of section 1.07, they will be confidential unless they relate to emission data. Attorney General Opinion H-539 (1975). In that opinion we held that neither section 1.07 nor the Open Records Act excepted emissions data from disclosure. This ruling was based on the policy provisions of both acts; the Legislature's contemplation of federal funding, article 4477-5, section 2.10; the emission inventory provisions of article 4477-5, section 3.03, and the public information section of that act. V.T.C.S., art. 4477-5, sec. 2.13.

If the photographs are taken by an employee or agent of the board they will be confidential only insofar as they are excepted from disclosure under the Open Records Act. V.T.C.S., art. 6252-17a. Section 3(a)(10) of that act excepts trade secrets from disclosure, Open Records Decision No. 89 (1975), which exception is quite similar to section 1.07 of article 4477-5. The photographs taken by an employee or agent of the board are therefore confidential if they are trade secrets and do not relate to emissions data. Attorney General Opinion H-539 (1975).

### SUMMARY

The Texas Air Control Board may take photographs
of equipment as an incident of research or investigatory
operation which it reasonably deems advisable and neces-
sary for the discharge of its duties.

Unless these photographs relate to emissions data, they would be confidential if they are within the protection of section 1.07 of article 4477-5 or constitute trade secrets.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee